People v Bartell (2023 NY Slip Op 05548)

People v Bartell

2023 NY Slip Op 05548

Decided on November 02, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 02, 2023

Before: Oing, J.P., Moulton, González, Shulman, Rosado, JJ. 

Ind No. 2419/16 Appeal No. 957 Case No. 2018-04131 

[*1]The People of the State of New York, Respondent,
v
Nasheen Bartell, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Megan D. Byrne of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Caroline S. Williamson of counsel), for respondent.

Judgment, Supreme Court, New York County (Arlene D. Goldberg, J.), rendered June 19, 2018, convicting defendant, after a nonjury trial, of predatory sexual assault against a child, rape in the first degree, rape in the second degree, sexual abuse in the first degree, and endangering the welfare of a child, and sentencing him to an aggregate term of 40 years to life, unanimously affirmed.
The verdict convicting defendant of predatory sexual assault against a child and rape in the first degree was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348 [2007]). The victim's testimony established numerous sex acts, including several acts of sexual intercourse; it also established that she was sleeping and physically helpless during the incident on May 30, 2016, to support the conviction of rape in the first degree (see Penal Law §§ 130.00[7], 130.35[2], 130.75[1][b], 130.96; see also People v Santos, 176 AD3d 611, 612 [1st Dept 2019], lv denied 35 NY3d 901 [2020]). The victim's testimony was corroborated by, among other things, the testimony of her mother and grandmother, several prior attempted disclosures of the abuse, and defendant's own admissions and text messages. The court was best able to observe and assess the victim's demeanor and credibility, and there is support in the record for its determinations (see People v Lane, 7 NY3d 888, 890 [2006]; see People v Watts, 173 AD3d 576 [1st Dept 2019], lv denied 34 NY3d 939 [2019]).
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 2, 2023